IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Launeil Sanders, ) | C/A No. 7:13-2946-RBH-KFM |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Burts Turner and Rhodes, and its authorized ) | |
| insurance representative; County of ) | |
| Spartanburg, SC, and its authorized insurance ) | |
| representative, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Background

This *pro se* Plaintiff brings a civil action seeking damages and certain injunctive relief related to a family law case filed against him in a South Carolina state court. Compl. 1–15. He alleges that on October 4, 2010, "Richard Rhodes, c/o Burts, Turner and Rhodes filed a frivolous, fraudulent, false triple corrupt Divorce Proceedings against" him, and such proceedings violated his federal constitutional rights. *Id.* at 7–8. Further, he alleges that he brings this action based on legal malpractice against Richard Rhodes. *Id.* at 9. It appears from the allegations that Richard Rhodes represented Janneth Sanders, who was Plaintiff's wife, and she obtained an order for separate maintenance from a family court judge on October 18, 2010. *Id.* at 7–8. Plaintiff alleges that the judge erred when he granted the separate maintenance order. *Id.* He further alleges that Janneth Sanders was not entitled to a divorce on any ground, and, pursuant to the South Carolina Frivolous Proceedings Act, the Clerk of Court should have sanctioned Richard Rhodes of Burts, Turner, and Rhodes. *Id.* at 8. He seems to allege that the Spartanburg County Clerk of Court must establish a rule such that an attorney

must file an affidavit to verify that he or she has complied with South Carolina law when filing his or her action. *Id.* at 8–9. Plaintiff alleges that "punishment must be rendered [t]o Burts, Turner, and Rhodes, the Richard Rhodes[,] and Spartanburg County." *Id.* at 8, 9–10. Plaintiff alleges that another hearing was held on March 5, 2012, where Richard Rhodes brought a false witness to court to give false witness against him. *Id.* at 10.

Plaintiff alleges the following "claims for relief" and seeks certain damages and injunctive relief: (1) this court shall intervene and order a hearing with subpoenas issued to Spartanburg County and Burts, Turner, and Rhodes, and order Richard Rhodes to reimburse $4,000 to Janneth Sanders and pay Plaintiff $78,000 in damages; (2) Spartanburg County must intervene and cause the Spartanburg County Clerk of Court to require attorneys who file complaints to sign an affidavit pursuant to Rule 11 of the South Carolina Frivolous Civil Proceedings Sanctions Act to include all family law courts; (3) requests a trust fund to be opened in the names of his two biological children and for Defendants and their insurance carriers to be required to pay money into it; (4) in relation to his two biological children being wrongfully removed from him in 1990, Defendants be required to pay him $1,500,000 in damages because of legal malpractice; and (5) requests punitive damages due to emotional distress over the divorce proceedings. *Id.* at 10–15.

On November 18, 2013, this court directed Plaintiff to answer certain special interrogatory questions. Order, ECF No. 9. Plaintiff did so on November 22, 2013. Answer to Ct. Special Interrog., ECF No. 12. Plaintiff's Answers to Court's Special Interrogatories reveal the following. The family law case that Plaintiff complains about was filed in Spartanburg County in October of 2010. *Id.* Plaintiff alleges Judge Fraley wrongfully and

illegally ruled: Plaintiff must pay alimony; gave his wife a 50% share of the house; and ordered him to pay his wife's attorney's fees. *Id.* The family law case against Plaintiff is still pending in a South Carolina appeals court. *Id.*

### Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This action should be summarily dismissed based on *Younger* abstention. Although Plaintiff alleges that his federal constitutional rights have been violated, he seeks relief from orders entered in a *pending* state family court action, and he seeks damages based on the conduct of Defendants during his state court proceeding that is now *pending*

on appeal. "The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.* Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. *Id.* In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Supreme Court has made clear that *Younger* abstention applies "as well 'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 351 (4th Cir. 2005). The area of family relations is a core source of state authority and thus is an "important" state interest. *Id.* From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and, (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff's Complaint and Answers to Court's Special Interrogatories reveal that his wife, through attorney Richard Rhodes, brought a state family law (divorce) action against him in Spartanburg County and obtained an order for separate maintenance and

alimony. That case is pending in a South Carolina appellate court; thus, as to the first factor, there are ongoing state judicial proceedings. As to the second factor, this court has recognized that the area of family law implicates important state interests. Lastly, as to the third factor, Plaintiff should have the opportunity during his pending state court appeal to raise the issues (1) that Richard Rhodes committed misconduct, presented a false witness at a hearing, and did not have proper grounds for a divorce, and (2) that the state judge's order that awarded the wife alimony and certain property was wrongful and illegal. Further, if Plaintiff seeks to argue that his federal constitutional rights were violated by the Defendants during the family court proceedings, he should be able to raise that issue to the South Carolina appeals court. Accordingly, because the three prongs of the Fourth Circuit's *Martin Marietta Corp.* test are satisfied, this court should abstain from deciding this lawsuit.

Additionally, Plaintiff requests certain relief that this court cannot grant. His requests—(1) for this court to intervene and order a hearing with subpoenas issued to Spartanburg County and Burts, Turner, and Rhodes, and to order Richard Rhodes to reimburse $4,000 to Janneth Sanders and pay Plaintiff $78,000 in damages, and (2) for this court to order Spartanburg County to intervene and cause the Spartanburg County Clerk of Court to require attorneys who file complaints to sign an affidavit pursuant to Rule 11 of the South Carolina Frivolous Civil Proceedings Sanctions Act to include all family law courts—seem to seek mandatory injunctive relief against Defendants within the pending state court action. Such requests are in the nature of seeking a writ of mandamus against the judges involved in the family law case, the Spartanburg County Clerk of Court, or the

state court itself. A writ of mandamus is a writ issued by a court to compel performance of a particular act by a lower court. *Black's Law Dictionary*, mandamus (9th ed. 2009). This court does not have jurisdiction to enter an injunction, or a writ of mandamus, to order a state court judge to take certain actions in a pending case because this court does not have jurisdiction to grant mandamus relief against state officials or to review state court orders. *See Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, 305 F. App'x 65 (4th Cir. 2008).

Finally, to the extent Plaintiff seeks to bring a legal malpractice action against Burts, Turner, and Rhodes, this is a state law cause of action that may be brought in this court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations imply and indicate that Plaintiff and Defendants are domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, this court has no diversity jurisdiction over this action.

## **Recommendation**

It is recommended that the district court dismiss the Complaint *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

December 4, 2013  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).