IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Launeil Sanders, ) | Civil Action No.: 7:13-cv-02946-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Burts Turner and Rhodes, and its ) | |
| authorized insurance representative; ) | |
| County of Spartanburg, SC, and its ) | |
| authorized insurance representative, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[1] Plaintiff Launeil Sanders, proceeding *pro se*, filed this civil action in October 2013, seeking damages and injunctive relief related to a family law case filed against him in a South Carolina family court.[2] The Magistrate Judge issued his R&R on December 4, 2013, R&R, ECF No. 17, and Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 21. In the R&R, the Magistrate Judge recommends that the Court dismiss this action *without prejudice* and without issuance and service of process,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them.").

[2] Because the allegations are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

1

citing a federal abstention doctrine and Plaintiff's failure to seek a remedy that this Court may grant. After the R&R was issued, Plaintiff filed a motion for an emergency hearing.[3] ECF No. 24.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing the action *without prejudice* and without issuance and service of process. Specifically, the Magistrate Judge reports that the *Younger*

---

[3] In the motion, Plaintiff seeks an emergency hearing and a temporary restraining order against Defendants in order to stop them from violating the law and creating new law. However, because the Court finds the Magistrate Judge's recommendation to be without error, the Court finds no basis for temporary injunctive relief. Plaintiff's motion, therefore, is denied as moot and, alternatively, on the merits.

abstention doctrine[4] is applicable, that Plaintiff requests certain relief that the Court cannot grant, and that the Court lacks diversity jurisdiction over any remaining state claims. In his objections, Plaintiff contends that abstention is not appropriate in this action because his constitutional rights are being violated by Defendants. He continues to assert that Defendants are creating new law in divorce proceedings before a South Carolina family court. He appears, in essence, to be challenging a family court's adjudication of a divorce matter brought by his wife. Attached to his objections is an order by the South Carolina Court of Appeals denying a motion to reconsider its dismissal of his appeal, as well as what the Court construes as a petition for a writ of certiorari to the South Carolina Supreme Court.

After a *de novo* review of the record in light of the Magistrate Judge's R&R and Plaintiff's objections, the Court finds that the Magistrate Judge's recommendation is without error. As the Magistrate Judge reports, abstention under *Younger* is appropriate when (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity to raise federal claims in the state proceedings. *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). This Court agrees with the Magistrate Judge's conclusion that each factor is present in the action at bar.[5] It is, of course, well-settled that divorce proceedings implicate important state interests, and any allegations that the South Carolina family court committed error are directly reviewable on appeal—not, however, by this Court. Accordingly, Plaintiff's objections are without merit.

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

[5] In the event that the family court proceedings challenged are no longer ongoing, the Court finds, alternatively, that the *Rooker-Feldman* doctrine is applicable. This Court does not have jurisdiction over what is effectively a challenge to a ruling issued by a South Carolina family court. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Indeed, Plaintiff continues to assert in his objections that the presiding judge "[e]rred in granting a separate maintainance [sic] and delivered extreme emotional distress on [him] at the hearing." Pl.'s Objs. 3.

## CONCLUSION

The Court has thoroughly reviewed the entire record, complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an emergency hearing (ECF No. 24) is **DENIED** and that Plaintiff's complaint is **DISMISSED** *without prejudice* and without issuance and service of process. All other motions are deemed MOOT.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 21, 2014